UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **CHRISTIAN ROXBURGH** <br><br> VS. <br><br> **PANTHER II TRANSPORTATION, INC.** <br> **& CHRISTINE R. HARRIS** | C.A. No.: 1:18-cv-21 <br><br> JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Christian Roxburgh files this Plaintiff's Original Complaint, complaining of Defendants Panther II Transportation, Inc. and Christine Harris.  For cause of action, Plaintiff would show the Honorable Court as follows:

**1.0 PARTIES**

1.1   Plaintiff is an individual residing in Hidalgo County, Texas.  He is a citizen of Texas.

1.2   Defendant Christine Harris is an individual residing in Erie County, New York, and may be served with process by and through the Chairman of the Texas Transportation Commission, pursuant to Texas Civil Practice and Remedy Code Sec. 17.062 and Fed. R. Civ. P. 4(e).  Defendant Christine Harris's last known addresses are 331 Forest Ave., Buffalo, New York, 14213 and 360 Fox St., Buffalo, New York, 14211-2924.

1.3   Defendant Panther II Transportation, Inc. is an Ohio corporation, doing business in the State of Texas, and may be served with process through its registered agent, Corporation Service

Company, d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## 2.0 JURISDICTION

2.1     Pursuant to 28 U.S.C. §1332(a), this Court has original, diversity jurisdiction over Plaintiff's claims, because the Plaintiff and Defendants are citizens of different states and the amount in controversy sought by Plaintiff exceeds $75,000, exclusive of interest and costs.

## 3.0 VENUE

3.1     Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.  28 U.S.C. §1391(b)(2).

## 4.0 FACTS

4.1     Defendant Panther II Transportation, Inc. (hereinafter Panther) is a transportation company engaging in business in Texas.

4.2     Defendant Panther hired, qualified, and retained Christine Harris as a delivery driver.

4.3     At all times relevant to this lawsuit, Defendant Christine Harris was acting in the course and scope of her actual and/or statutory employment with Defendant Panther

4.4     On or about October 15, 2017, Christian Roxburgh was involved in a collision with Defendants' vehicle in Hidalgo County, Texas.

4.5     On said date, Plaintiff was driving his vehicle in a careful and prudent manner traveling eastbound on E. Richardson Rd.

4.6     At about the same time, Defendant Christine Harris was exiting a private drive while attempting to make a left hand turn onto westbound E. Richardson Rd.

4.7	Defendant Harris pulled out of the private drive and failed to yield the right of way to Plaintiff.

4.8	The collision in issue in this action was in no way due to any negligent act or failure to act on the part of the Plaintiff.

## 5.0 CAUSES OF ACTION—NEGLIGENCE

5.1	Defendant Christine Harris was negligent in the operation of the delivery van she was driving. Specifically, Defendant Christine Harris failed to keep a reasonable lookout, failed to operate her vehicle in a prudent manner, and failed to yield the right of way to Plaintiff's vehicle.

5.2	As a direct and proximate result of this negligence, Plaintiff sustained personal injuries. Defendant Panther is vicariously liable for the negligence of Defendant Christine Harris under the statutory employment doctrine as well as the doctrine of respondeat superior.

5.3	Based on the facts of this wreck, it appears that Defendant Christine Harris may have been fatigued. Defendant Panther is vicariously liable for the negligence of Defendant Christine Harris under the statutory employment doctrine as well as the doctrine of respondeat superior.

5.4	It further appears that Defendant Panther may have been negligent in its entrustment of a vehicle to Defendant Christine Harris, and in the qualification, hiring, training, supervision, and retention of Defendant Christine Harris. Defendant Panther is vicariously liable for the negligence of Defendant Christine Harris under the statutory employment doctrine as well as the doctrine of respondeat superior.

5.5	Additionally, based on the facts of the collision, it appears Defendant Harris may have been using a cellular phone at the time of the collision. Defendant Panther is vicariously liable for the negligence of Defendant Christine Harris under the statutory employment doctrine as well as the doctrine of respondeat superior.

## 6.0 DAMAGES

6.1    Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

    6.1.1    Medical care, past and future;

    6.1.2    Lost wages and earning capacity, past and future;

    6.1.3    Physical impairment, past and future;

    6.1.4    Physical pain, emotional distress, and mental anguish, past and future; and

    6.1.5    Disfigurement, past and future.

6.2    Plaintiff also seeks to recover prejudgment interest, post-judgment interest, court costs, and any other damages allowed in equity or in law.

## 7.0 JURY DEMAND & PRAYER

7.1    Plaintiff respectfully requests a Jury in this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, post-judgment interest, and court costs.

Respectfully submitted,

*/s/ Shawn M. Mechler*
Shawn M. Mechler
Texas Bar No. 24078989
Southern District I.D.: 2167541
COWEN | MASK | BLANCHARD
6243 I.H.10 West, Suite 801
San Antonio, Texas 78201
Telephone: (210) 762-4090
Facsimile: (956) 504-3674