Case 1:18-cv-00021 Document 11 Filed on 04/19/18 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 19, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHRISTIAN ROXBURGH, <br> Plaintiff, | § § § | |
| v. | § | Civil Action No. 1:18-cv-21 |
| PANTHER II TRANSPORTATION, INC., *et al.*, <br> Defendants. | § § § § | |

## ORDER GRANTING TRANSFER

Before this Court is "Defendant's [sic] Opposed Motion to Transfer Case to the McAllen Division of the Southern District" (Docket No. 7) (hereafter "Defendants' Motion"). Defendants' Motion requests the instant matter be transferred to the McAllen Division on the basis that the accident, the witnesses, the evidence, and the Plaintiff are all located in Edinburg, Hidalgo County, Texas, merely a few miles from the McAllen Federal Courthouse. For the following reasons, Defendants' Motion is hereby **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff is an individual residing in Edinburg, Texas and is a citizen of Texas. On or about October 15, 2017, Plaintiff was involved in a motor-vehicle collision with Christine Harris (hereafter "Defendant Harris") in Edinburg, Texas. Defendant Harris was employed by Defendant Panther II Transportation, Inc. (hereafter "Panther Transportation") and acting within the scope of her employment at the time of the accident.[2] Thus, Plaintiff's injuries were sustained in Edinburg, Texas. However, Plaintiff filed his original complaint in this Court, seeking money damages exceeding $75,000 and asserting diversity jurisdiction.[3] Defendants filed Defendants' Motion, seeking to transfer venue to McAllen and in response, Plaintiff filed

---

[1] The facts of this case were gathered from "Plaintiff's Original Complaint and Jury Demand" and Defendants' Motion, unless otherwise noted. *See* Docket Nos. 1 and 7.
[2] Defendant Harris is an individual residing in Erie County, New York, and Panther Transportation is an Ohio corporation, doing business in the state of Texas. Therefore, Defendants' residence does not impact the transfer analysis nor does either party suggest otherwise. *See* Docket No. 1, at 1-2.
[3] This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and the parties do not contest otherwise.

1

"Plaintiff's Response to Defendants' Motion to Motion [sic] to Transfer Case to McAllen Division" (Docket No. 9) (hereafter "Plaintiff's Response"); Plaintiff's assert Defendants did not satisfy their burden to justify a change of venue. *See* Docket No. 9, at 4.

## II. **DISCUSSION**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The application of Section 1404(a) is a two-part test. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*"Volkswagen I"*). First, the Court must determine if the plaintiff could have filed their complaint in the venue proposed by the defendant. *See id.* If so, a defendant must show "good cause" and "clearly demonstrate" that the transfer is for the "convenience of the parties and witnesses" and "in the interests of justice" by asserting a number of private and public interest factors weigh in favor of transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*"Volkswagen II"*).[4] The parties do not contest that Plaintiff could have brought suit in the McAllen Division; therefore, this Court will proceed to analyze the private and public interest factors of the proposed transfer.

### A. **Private Factors**

The Fifth Circuit has instructed that the following four private interest factors should be assessed prior to the transfer of a case to a different venue: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Volkswagen I*, 371 F.3d at 203).

The motor vehicle accident in question occurred in Edinburg, Texas—less than 15 miles from the McAllen Federal Courthouse.[5] Plaintiff lives in Edinburg and the responding officer, as

---

[4] The Fifth Circuit, in *Volkswagen II*, explained Defendants' burden as follows: "This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.' Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer. *Volkswagen II*, 545 F.3d at 315.

[5] Edinburg is located 64.2 miles from this Court and 13.7 miles from the McAllen Federal Courthouse according to Google Maps.

well as all potential witnesses, are located in Edinburg. Plaintiff's and Defendants' counsel both have offices in McAllen. Courts have consistently held that "physical accessibility to sources of proof continues to be a private interest factor to be considered" despite the availability of e-discovery. *Spencer v. Allstate Ins. Co.*, No. 2:16-CV-605-JRG, 2016 WL 6879598, at *2 (E.D. Tex. Nov. 22, 2016).[6] "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 329 (E.D.N.Y. 2006)).[7] All of the witnesses located in Edinburg would incur greater costs if this Court retained the case rather than transferring to McAllen, a courthouse located much closer to Edinburg. In summary, because all of the evidence, witnesses, and the Plaintiff himself, are all located in Edinburg and Plaintiff cites no reason why this Court has an interest or any connection to this suit whatsoever, this Court finds that the private factors weigh in favor of transferring said case to the McAllen Division.

### B. Public Factors

In addition to the private factors, the following public factors should also be considered when contemplating an equitable transfer: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

There appears to be no administrative difficulties or conflict of law issues with the proposed transfer venue, nor do the parties argue to the contrary. As this Court has previously held, "it is in the public's interest to have . . . localized conflicts decided at home." *Haines v.*

---

[6] *See also Smith's Consumer Prods., Inc. v. Fortune Prods., Inc.*, 2015 WL 1037419, at *2 (N.D. Tex. Mar. 9, 2015) (Kinkeade, J.) ("Although the technological convenience of e-discovery may diminish concerns associated with the location of evidence, it does not negate the significance of or eliminate consideration of this factor in a section 1404(a) transfer analysis."); *Davis v. City of Fort Worth*, 2014 WL 2915881, at *3 (N.D. Tex. June 25, 2014) (Fitzwater, C.J.) ("Regardless whether technological advances and email service would make litigating this case in the Dallas Division *possible*, there is still a *greater* ease of access to sources of proof in Fort Worth." (emphasis in original)).

[7] "As the Fifth Circuit has emphasized, this factor does not lose all relevance when the movant seeks to transfer to a venue within 100 miles of the court from which transfer is sought. Indeed, the Fifth Circuit recognized that even transfers within 100 miles can impose costs on the witnesses, and that these costs should be factored into the analysis." *Spencer v. Allstate Ins. Co.*, No. 2:16-CV-605-JRG, 2016 WL 6879598, at *3 (E.D. Tex. Nov. 22, 2016) (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288-89 (5th Cir. 2013)).

*Tristar Prod., Inc.*, No. 1:16cv316, 2017 WL 3189929, at *2 (S.D. Tex. June 26, 2017), *report and recommendation adopted*, No. 1:16-CV-00316, 2017 WL 3206895 (S.D. Tex. July 26, 2017) (citing *Weber v. PACT XXP Tech., AG*, 811 F.3d 758, 767 (5th Cir. 2016)).

Therefore, this Court concludes that "good cause" exists to transfer the instant matter to the McAllen Division from both a private and public interest perspective.

## ORDER

Before this Court is "Defendant's [sic] Opposed Motion to Transfer Case to the McAllen Division of the Southern District" (Docket No. 7). For the foregoing reasons, Defendants' Motion is hereby **GRANTED**. Accordingly, it is hereby **ORDERED** that the present case be transferred to the McAllen Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) for further proceedings.

Signed on this ___19th___ day of ___April___, 2018.

_____
Rolando Olvera
United States District Judge

4